Filed 7/21/25  P. v Arcila CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE ARCILA,<br><br>    Defendant and Appellant. | B337975<br><br>Los Angeles County<br>Super. Ct. No. KA038696 |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Jennifer Peabody and Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1999, a jury convicted defendant and appellant Jorge Arcila of murder (Pen. Code,[1] § 187, subd. (a)), and the trial court sentenced him to 25 years to life in state prison. Arcila was 17 years old at the time of the offense. In January 2024, Arcila filed a petition for recall and resentencing under section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*).[2] In May 2024, the trial court issued a written order summarily denying Arcila's petition. In denying Arcila relief, the court explained that because Arcila was sentenced to 25 years to life when he was 19 years old, he will be eligible for parole when he is 44 years old, and consequently, he was not sentenced to the functional equivalent of LWOP.

Court-appointed appellate counsel filed a brief identifying no arguable issues in the trial court's ruling and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Degladillo*). Arcila then filed a supplemental brief on his own behalf.

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Section 1170, subdivision (d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole [(LWOP)] has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." *Heard* held that, although subdivision (d)(1)(A) limits eligibility for recall and resentencing to juvenile offenders sentenced to explicitly designated LWOP terms, equal protection principles require that the statute also extend to juvenile offenders who were sentenced to the functional equivalent of LWOP. (*Heard, supra*, 83 Cal.App.5th at p. 612.)

If, as here, appellate counsel finds no arguable issues exist in a postconviction appeal, this court need not independently review the record. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) And if, as here, the defendant subsequently files a supplemental brief, this court need evaluate only the arguments presented in that brief. (*Ibid.*)

Turning to those arguments, Arcila renews his contention, raised in the trial court, that because he was 17 years old when he committed his offense, he is eligible for recall and resentencing under section 1170, subdivision (d)(1) and *Heard*. He also argues that he should have been charged in juvenile, not adult court, and that the failure to charge him in juvenile court constituted legal error. He lastly requests that new appellate counsel be appointed on his behalf. As explained below, we reject these contentions.

## DISCUSSION

### I. The trial court did not err in denying Arcila's petition

The trial court was correct in ruling that Arcila is ineligible for recall and resentencing under section 1170, subdivision (d)(1) and *Heard*. As the trial court correctly explained, because Arcila's sentence rendered him eligible for parole in his mid-40's, the sentence did not constitute the functional equivalent of LWOP. (Cf., e.g., *People v. Caballero* (2012) 55 Cal.4th 262, 268 [a juvenile defendant's sentence of 110 years to life constitutes the functional equivalent of LWOP]; *People v. Contreras* (2018) 4 Cal.5th 349, 360, 368–369 [juvenile offenders' sentences of 50 years to life and 58 years to life constituted the functional equivalent of LWOP because the sentences " '[fell] short of giving

3

[the juvenile offenders] the realistic chance for release . . . ' "].) Because Arcila was not sentenced to LWOP or its functional equivalent, he falls outside section 1170, subdivision (d)(1)(A), and the trial court was correct in summarily denying him relief.

## II.     It was not legal error to try Arcila in adult court

We likewise reject Arcila's argument that he is entitled to relief because he was charged in adult, not juvenile court. Although it is unclear, it appears Arcila may be arguing that he should be granted retroactive relief under the Public Safety and Rehabilitation Act of 2016 (Proposition 57). The electorate passed Proposition 57 on November 8, 2016, and it took effect the next day. (*People v. Superior Court* (*Lara*) 4 Cal.5th 299, 304 (*Lara*).) "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court." (*Lara*, at p. 303.) "Instead, they must commence the action in juvenile court." (*Ibid.*) "If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct . . . a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court." (*Ibid.*) "Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult. (See Welf. & Inst. Code, § 707, subd. (a).)" (*Lara*, at p. 303, fn. omitted.) Proposition 57 applies retroactively to nonfinal judgments. (*Lara*, at pp. 303–304.)

To the extent Arcila's letter brief suggests he is entitled to relief under Proposition 57, we reject this contention. Because Arcila's 1999 judgment was final when Proposition 57 took effect in 2016, he is not entitled to its retroactive benefit. (*Lara, supra,* 4 Cal.5th at pp. 303–304 [Proposition 57 applies retroactively only to *nonfinal* judgments]; *People v. Lizarraga* (2020) 56

4

Cal.App.5th 201, 206 [a case is final once the time for petitioning for a writ of certiorari has passed]; U.S. Supreme Ct. Rules, rule 13-1 [petition for writ of certiorari is timely if filed with the clerk of the United States Supreme Court within 90 days after entry of judgment of a state court of last resort].)

Relatedly, to the extent Arcila suggests that trying him in adult and not juvenile court violated his constitutional protections against cruel and unusual punishment, we likewise reject this contention. In determining whether a sentence constitutes cruel or unusual punishment, the proper inquiry "focuses on whether the punishment is 'grossly disproportionate' to the offense and the offender or, stated another way, whether the punishment is so excessive that it ' "shocks the conscience and offends fundamental notions of human dignity." ' " (*In re Palmer* (2021) 10 Cal.5th 959, 972.) When challenging a sentence as being cruel and/or unusual in violation of the federal and California Constitutions, "[a] defendant has a considerable burden to overcome." (*People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 529.) "The doctrine of separation of powers is firmly entrenched in the law of California and the court should not lightly encroach on matters which are uniquely in the domain of the Legislature." (*Ibid.*) Reviewing courts must always remain "aware that it is the function of the legislative branch to define crimes and prescribe punishments." (*Ibid.*) Because it is the Legislature which determines the appropriate penalty for criminal offenses, "[f]indings of disproportionality have occurred with exquisite rarity in the case law." (*People v. Weddle* (1991) 1 Cal.App.4th 1190, 1196.) Applying this due deference, rooted in principles of separation of powers, we conclude that it did not constitute cruel and unusual punishment for the Legislature to

allow for juvenile offenders such as Arcila to be charged directly in adult court prior to the enactment of Proposition 57. Nor was it cruel and unusual for the Legislature to draft Proposition 57 in a manner that would not extend the new law to offenders, such as Arcila, whose judgments are already final.

### III.   Arcila is not entitled to new appointed counsel

We lastly reject Arcila's request that we appoint new counsel on his behalf. Nowhere under California statutory or case law is it contemplated that in instances such as this one, appellants such as Arcila should receive the benefit of a second appointed appellate counsel. Nor do the circumstances before us suggest that Arcila's first appointed counsel represented him in an improper manner. Rather, appellate counsel's declaration, contained in the Opening Brief, reflects that counsel reviewed the record and found no arguable issues on appeal.

And to the extent that Arcila's request for new appellate counsel may be read as an implied contention that his appointed counsel rendered ineffective assistance, we likewise reject this contention. In order to succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate a reasonable probability of a more favorable result absent counsel's allegedly deficient conduct. (*Strickland v. Washington* (1984) 466 U.S. 668, 694.) Here, Arcila cannot demonstrate any such reasonable probability. Counsel could not have changed the fact that, because Arcila received a sentence that rendered him eligible for parole in his mid-40's, he was not sentenced to the functional equivalent of LWOP, and is consequently ineligible for relief under section 1170, subdivision (d)(1). In other words, because there is no way Arcila could have obtained a more

favorable result in the trial court, Arcila was not prejudiced by counsel's performance.

## IV.   We do not discern reversible error based on an independent review

Although we are not required to, we have also exercised our discretion to independently review the record, and we have discovered no additional arguable issues on appeal.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

We affirm the order denying Arcila relief under section 1170, subdivision (d)(1).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:




ZUKIN, P.J.




MORI, J.